NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0982n.06

Case No. 12-5572

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 15, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| TIMOTHY TAPPLIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, Chief Judge; COOK and O'MALLEY, Circuit Judges.[*]

**ALICE M. BATCHELDER, Chief Judge.** Timothy Tapplin appeals the judgment of conviction from his guilty plea to being a felon in possession of ammunition. We affirm.

On March 24, 2009, the police were looking for Tapplin to question him concerning an alleged battery. They located him outside his house and discovered that he had five .38 caliber bullets in his pants pocket. Tapplin explained that he had found the bullets on the ground just moments before and had picked them up as a precaution to protect innocent children playing nearby.

When the government charged Tapplin with being a felon in possession of ammunition, he sought to present an affirmative defense of justification. The justification defense for otherwise unlawful possession of a firearm or ammunition by a felon is construed narrowly and has five elements, all of which must be present:

---

[*]The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. That the defendant, or a third party, was under a "present, imminent, and impending" threat of death or serious bodily injury;

2. That the defendant had not recklessly or negligently placed himself in the situation;

3. That the defendant had no reasonable, legal alternative to violating the law;

4. That a direct causal relationship existed between the criminal action taken and the avoidance of the threatened harm; and

5. That the defendant did not maintain possession any longer than necessary.

*United States v. Singleton*, 902 F.2d 471, 472-73 (6th Cir. 1990); *United States v. Newcomb*, 6 F.3d 1129, 1136 (6th Cir. 1993).

The district court found that the circumstances that Tapplin described did not satisfy the first element of the defense because, the nearby children were not actually under a "present, imminent, and impending" threat of death or serious bodily injury. The district court, therefore, found the justification defense unavailable to Tapplin and forbid defense counsel from raising any justification argument, questioning any witnesses about it, producing any evidence in support of it, or receiving any jury instruction concerning it. Based on this ruling, Tapplin entered a guilty plea with a right to appeal this particular ruling.

On appeal, Tapplin argues that the threat to the nearby children was unquestionably present and imminent. Appellant's Brief at 18. The government responds that:

> The presumable threat to the children was a possibility that they would find the rounds, retrieve them, and mishandle them in such a way that would cause serious injury or death. No part of this sequence of action was on the point of happening. The proffer simply stated that there were live rounds in the front yard, and that there were children 'nearby,' an ill-defined proximity. There was no proof that the children were in possession of the rounds, on their way to retrieving the rounds, or even *aware* that the rounds were in [Tapplin]'s yard. The mere presence of the children in the same general, undefined area as the rounds creates only a possibility or at best, a likelihood, that the threat will become realized. Therefore, it cannot be said that the threat of injury or death was reasonably certain to occur.

Rather, the threat is uncertain and depends upon contingencies: that the children will become aware of the ammunition and at the very least, appear willing to retrieve them.

Appellee's Brief at 13-14.

The question of whether the defendant has established a *prima facie* case of the affirmative defense of justification is a question of law that we review *de novo*. *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005). But it must be supported with evidence, not merely based on "suspicion or speculation." *United States v. Hargrove*, 416 F.3d 486, 489 (6th Cir. 2005).

Tapplin speculates about the possibility of harm, but the alleged harm was not actually "present, imminent, and impending." The district court correctly concluded that Tapplin has not satisfied the first element. We also note, based on our review of the record evidence and the narrow reading of the elements required by our precedent, that Tapplin has not satisfied the third or fifth elements either. That is, Tapplin has not demonstrated that he had no reasonable, legal alternative to violating the law, or that he did not maintain possession of the bullets any longer than was necessary. The defense of justification is not available on the facts presented in this record.

We **AFFIRM**.